United States Court of Appeals,

Fifth Circuit.

No. 91–2642.

Claude WHITAKER, Plaintiff-Appellant

v.

CITY OF HOUSTON, TEXAS, et al. Defendants-Appellees.

June 26, 1992.

Appeal from the United States District Court for the Southern District of Texas.

Before POLITZ, Chief Judge, and REYNALDO G. GARZA and WIENER, Circuit Judges.

WIENER, Circuit Judge:

In this procedurally tangled case, Plaintiff–Appellant Claude Whitaker complains that the district court abused its discretion in denying on grounds of undue delay his motion to amend his previously dismissed complaint. We adopt the rule enunciated by the Eleventh Circuit in *Czeremcha v. Intern. Ass'n of Mach. & Aero. Workers,*[1] that, unless the dismissal order of the district court expressly states or clearly indicates the court's intention to dismiss the *action,* a plaintiff may seek leave to amend under Federal Rule of Civil Procedure 15(a), even though the complaint has been dismissed. Applying that rule to this case, we conclude nevertheless that the district court did not abuse its discretion when it denied Whitaker's post-dismissal motion to amend his complaint, and therefore affirm.

## I. FACTS AND PROCEEDINGS

On May 30, 1989, Whitaker brought suit against the City of Houston Police Department (Houston) under 42 U.S.C. §§ 1981 and 1983 after he was denied promotion to Assistant Chief. Whitaker, a black male, alleged that the process used by Houston to evaluate applicants for this position was racially biased. Houston responded on September 5, 1989, with a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). On June 11, 1990, the district court granted this

[1]724 F.2d 1552, 1554–56 (11th Cir.1984).

dismissal motion, ruling that Whitaker had failed to plead facts indicative of a municipal policy of racial discrimination. Unfortunately for purposes of judicial clarity, the district court stated in its order that it dismissed Whitaker's "claims," and thus did not indicate clearly whether it was dismissing Whitaker's *action* or just his *complaint.* Neither did the district court enter judgment on a separate document as required under Rule 58.

On July 9, 1990, Whitaker filed a motion under Rule 15(a) for leave to amend his previously dismissed pleading. Whitaker, in so doing, relied on the rule, articulated by the Eleventh Circuit in *Czeremcha,*[2] that a plaintiff whose "complaint" has been dismissed may elect either to (1) treat the dismissal as a final appealable order and appeal under Federal Rule of Civil Procedure 4(a), or (2) ask for leave to amend the original pleading under Rule 15(a). Whitaker elected the latter alternative, but failed to submit the proposed amended complaint when he filed his motion to amend.

On July 17, 1990, Houston requested, and was granted, an unopposed extension of time until August 10, 1990 to respond to Whitaker's motion. Whitaker filed his amended complaint on August 3, 1990—less then two months after the district court's dismissal of his complaint, but only seven days before Houston's response to his motion to amend was due. On February 21, 1991, the district court denied Whitaker leave to amend, explaining that his "delay in seeking to amend and the proposed amendment that was eventually submitted" showed that Whitaker had not diligently prosecuted his case. Again, the district court did not enter a Rule 58 judgment.

On March 5, 1991, Whitaker filed a motion asking the district court to reconsider its denial of his motion for leave to amend. On May 30, 1991, the district court denied this motion, and, once again, did not enter a Rule 58 judgment. On June 6, 1991, Whitaker filed a notice of appeal from the May 30th order denying the motion to reconsider.

---

[2]*Id.*

## II. ANALYSIS

### A. NO RULE 58 JUDGMENT

The record in this case shows that the district court never entered a Rule 58 judgment. The district court's ruling on Houston's motion to dismiss appears on the last page of a "Memorandum and Order"—not on a separate document as Rule 58 requires.[3] Until set forth on a separate document in compliance with Rule 58, a st atement tacked on at the end of an opinion is not a judgment.[4] The district court also failed to enter a Rule 58 judgment after denying Whitaker's motion to amend and again after denying his motion to reconsider. The district court's failure ever to enter a Rule 58 judgment has tied several procedural and jurisdictional knots that this court must untangle before turning to the single issue of substance raised by the parties.

As a threshold matter, we note that there is no question but that we may elect to take jurisdiction over this appeal even though there never was a separate Rule 58 judgment. In *Banker's Trust Co. v. Mallis,*[5] the Supreme Court held that a circuit court has jurisdiction over an appeal from an order of dismissal when the order was "the final decision in the case" and the appellee "did not object to the taking of the appeal in the absence of a judgment."[6] In this case, Houston has not objected to the omission of a Rule 58 judgment, and has thus waived its right to do so. And the district court's order dismissing Whitaker's complaint clearly constituted a final judgement for purposes of 28 U.S.C. § 1291 as it ended "the litigation on the merits" and left "nothing for the court

---

[3]Rule 58 provides in relevant part:

> Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a).

[4]*See* 6A James W. Moore et al, *Moore's Federal Practice,* ¶ 58.02 (2d ed. 1991).

[5]435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978).

[6]*Id.* at 387–88, 98 S.Ct. at 1121. *See, e.g., Hanson v. Flower Mound,* 679 F.2d 497, 500 (5th Cir.1982); *Seal v. Pipeline, Inc.,* 724 F.2d 1166, 1167 (5th Cir.1984).

to do but execute the judgment."[7]  As such, the district court's post-dismissal orders—those denying Whitaker's motions to amend and to reconsider—were also final and appealable.  This is true, we note, even though the absence of a Rule 58 judgment meant that neither the ten days for serving a Rule 59 motion nor the thirty days for filing a notice of appeal (from either the district court's dismissal order or its subsequent orders denying post-dismissal motions) started to run.

Having thus determined that this court *may* take jurisdiction over this appeal,[8] we must next consider whether we should nevertheless decline to exercise jurisdiction.  Under *Townsend v. Lucas,*[9] this court may elect to dismiss an appeal in which no Rule 58 judgment has been entered, but is not required to do so.  Generally, this court declines under *Townsend* to hear the appeal if the status of a post-judgment motion is unclear due to the lack of a Rule 58 judgment or if the notice of appeal would have been untimely if the order appealed had constituted a Rule 58 judgment.  In this case, however, there is no problem with the timeliness of Whitaker's notice of appeal under Fed.R.App.P. 4(a)(1) from the order denying reconsideration, and there is no need to characterize Whitaker's motions for purposes of determining this court's standard of review.  Therefore, as there is little to be gained from dismissing now and inflicting this case on another panel later, we accept jurisdiction over Whitaker's appeal.

B. DISMISSAL OF WHITAKER'S "CLAIMS"

The district court's ruling on Houston's motion to dismiss, appearing on the last page of its combined "Memorandum and Order," states:  "it is ORDERED that defendant the City of Houston's Motion to Dismiss is hereby GRANTED and that plaintiff's claims against the City of Houston and the Houston Police Department are hereby DISMISSED."  Thus, as noted earlier, the district court's

---

[7]*Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978), quoting *Catlin v. U.S.,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945).

[8]*Hanson,* 679 F.2d at 501.

[9]745 F.2d 933 (5th Cir.1984) (per curiam).

ruling neither states nor clearly indicates whether the court intended to dismiss Whitaker's *action* or merely his *complaint.*

Neither does our examination of the record readily resolve this question. We recognize that district courts often intend to dismiss an entire action when they state that a plaintiff's "claims" are dismissed. But had that been the district court's intention here, surely it would not have even considered Whitaker's motion to amend.[10] In other words, if Whitaker's *action* had been dismissed there would have been nothing left for Whitaker to amend, and so his only options would have been to move for reconsideration of the judgment or to appeal.[11] Furthermore, Whitaker stated in his motion for reconsideration that he was electing not to treat the district court's ruling as a final appealable order but was asking instead for leave to amend under Rule 15(a). We find it revealing, therefore, that the district court did not take issue with Whitaker's characterization of its ruling. Finally, while the district court did not dismiss Whitaker's pleading with express leave to amend, neither the order nor the circumstances indicate that amendment was not possible. The district court did not state, for example, that Whitaker's claims were dismissed with prejudice. In summary, therefore, we find that on balance the evidence in this case indicates that the district court probably intended to dismiss only Whitaker's complaint, not his action.

C. RULE 15(a):  OF COURSE OR BY LEAVE OF COURT

We next consider whether Whitaker had the right to amend his complaint as a matter of course under Rule 15(a), even though his complaint had been dismissed by the district court. Rule 15(a) provides in pertinent part:

A party may amend the party's pleading once as a matter of course at any time before

---

[10]*See Czeremcha,* 724 F.2d at 1554–55.

[11]*See Graue Mill Dev. Corp. v. Colonial Bank & Trust Co.,* 927 F.2d 988, 992 (7th Cir.1991) (complete dismissal of action terminates the right to amend and plaintiff desiring to reopen the judgment should file a motion under Rule 59(e) or 60(b)).

a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

This court follows the prevailing view that a motion to dismiss is not a responsive pleading.[12] A literal interpretation of Rule 15(a), therefore, would allow a plaintiff to amend as a matter of course even after a motion to dismiss has been granted.

The circuits are in disagreement, however, on whether a plaintiff's right to amend under Rule 15(a) terminates upon dismissal of his or her complaint. The Ninth Circuit, for example, allows a plaintiff to amend one time as a matter of right even after a motion to dismiss has been granted, reasoning that a motion to dismiss is not a responsive pleading within the meaning of Rule 15(a).[13] Other circuits take the antipodal view that, although a motion to dismiss may well not be a responsive pleading, a plaintiff's right to amend under Rule 15(a) nevertheless terminates upon dismissal of his or her complaint.[14] In addition, the Eleventh Circuit in *Czeremcha,*[15] has adopted a third approach, under which a plaintiff is allowed to amend under Rule 15(a) with leave of court—but not as of course—if the district court dismissed only the plaintiff's *complaint,* not his or her *action.* The Eleventh Circuit's approach, it should be noted, draws upon our decisions in *U.S. v. Mayton,*[16] and *United Steelworkers of America v. American International Aluminum Corp.*[17] We believe that the Eleventh Circuit's approach in *Czeremcha* is sound, and adopt it in this circuit.

[12] *See Barksdale v. King,* 699 F.2d 744, 747 (5th Cir.1983), citing *McGruder v. Phelps,* 608 F.2d 1023, 1025 (5th Cir.1979). *See generally,* Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, 6 *Federal Practice and Procedure,* § 1475, at 554–556 (2nd ed 1990 and 1992 Supp).

[13] *See, e.g., Firchau v. Diamond National Corp.,* 345 F.2d 269, 270–71 (9th Cir.1965).

[14] *Elfenbein v. Gulf & Western Indus., Inc.,* 590 F.2d 445, 448 n. 1 (2nd Cir.1978); and *Dorn v. State Bank of Stella,* 767 F.2d 442, 443 (8th Cir.1985).

[15] 724 F.2d at 1554–56.

[16] 335 F.2d 153, 158 n. 12 (5th Cir.1964).

[17] 334 F.2d 147, 150 n. 4 (5th Cir.1964).

Under the rule in *Czeremcha,* the initial question is whether dismissal of the complaint was intended to terminate the action. A district court's order dismissing a complaint constitutes dismissal of the action when it states or clearly indicates that no amendment is possible—e.g., when the complaint is dismissed with prejudice or with express denial of leave to amend—or when circumstances otherwise indicate that no amendment is possible—e.g., when the limitations period has expired. In any such case, dismissal of the complaint terminates the action even though the district court does not use those precise words, and thus constitutes a final order, subject to the thirty-day appeal limit—assuming, that is, that a Rule 58 judgment was entered, which was not the case here. If, on the other hand, the district court's order does not expressly or by clear implication dismiss the *action,* then under *Czeremcha,* such order merely dismisses the complaint. In that case, the plaintiff may amend under Rule 15(a), but only with permission of the court. After dismissal, the plaintiff does not have the right to amend as a matter of course.[18] As no Rule 58 judgment was entered in this case, we are not directly concerned with the effect of entry of a Rule 58 judgment on the plaintiff's option to file a motion for permissive amendment. Nevertheless, we note that post–*Czeremcha* decisions in the Eleventh Circuit have held that once a Rule 58 judgment is entered amendment of the complaint is no longer possible;[19] but conversely, in the absence of a Rule 58 judgment, no definite time period exists within which the plaintiff must file his or her motion to amend.[20] Such a Rule 58 dichotomy is fair to both plaintiffs and defendants: "If a defendant fears that a plaintiff will unduly prolong litigation by filing amended complaints far into the future, the defendant can move that the district court enter final judgment."[21]

---

[18]Although it is not immediately apparent, Federal Rule of Civil Procedure 41(b) is not implicated by this case. Rule 41 concerns the effect of involuntary dismissal of an action. This case, by contrast, decides whether a dismissal order constituted dismissal of the action or merely dismissal of the complaint.

[19]*See Hashemi v. Campaigner Publications, Inc.,* 737 F.2d 1539, n. 1 (11th Cir.1984); *Briehler v. Miami,* 926 F.2d 1001, 1002–03 (11th Cir.1991).

[20]*But see Schuurman v. Motor Vessel "Betty K V",* 798 F.2d 442, 445 (11th Cir.1986) (if dismissal order provides a stated period for amendment, order becomes final upon expiration of the time allowed for amendment).

[21]*Briehler,* 926 F.2d at 1003.

We emphasize that a district court's order dismissing a complaint is final and appealable. The finality of this order is destroyed, however, if instead of appealing the plaintiff files a Rule 15(a) motion to amend. If the district court then denies the plaintiff's motion to amend, finality is reestablished.[22]

Applying the *Czeremcha* rule to the facts in this case, Whitaker needed the court's permission to amend his dismissed complaint. As we found in Section B, the district court neither stated that amendment was not possible nor otherwise suggested its intention to dismiss Whitaker's action. Neither were circumstances such that dismissal of the complaint necessarily meant that the action was terminated.

## D. PERMISSIVE AMENDMENT

Lastly, we must consider whether here the district court committed reversible error in denying Whitaker leave to amend on the grounds that his delay in seeking to amend, and the nature of the proposed amendment itself, showed that he had not been diligent in prosecuting his case. Our review of the district court's denial of leave to amend under Rule 15(a) is limited to determining whether that court's action constituted an abuse of discretion.[23]

Rule 15(a) instructs that "leave shall be freely given when justice so requires."[24] In exercising its discretion, however, the district court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."[25] Although Rule 15(a) contains no time limit for permissive

[22]*Cf. Brown v. United Ins. Co. of America,* 807 F.2d 1239, 1242 (5th Cir.1987).

[23]*Gregory v. Mitchell,* 634 F.2d 199, 203 (5th Cir.1981).

[24]*See, e.g., Jamieson v. Shaw,* 772 F.2d 1205, 1208 (5th Cir.1985).

[25]*Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

amendment, "[a]t some point[,] time delay on the part of a plaintiff can be procedurally fatal."[26] In such a situation, "the plaintiff must meet the burden of showing that the delay "was due to oversight, inadvertence, or excusable neglect,' a burden which properly shifts to the party seeking to amend where apparent lack of diligence exists."[27]

We are not prepared to say in this case that the district court's denial of leave to amend constituted an abuse of discretion. Whitaker's entire approach to his case has been marked by delay and by an unwillingness—perhaps an inability—to furnish facts necessary to support his claims under §§ 1981 and 1983. After Houston moved to dismiss Whitaker's suit and attached to its motion supporting summary judgment proof demonstrating that racially discriminatory employment practices were contrary to policy, the materials Whitaker filed in opposition to that motion still did not contain evidence that he was denied a promotion pursuant to a City policy, practice, or custom of discrimination. At Whitaker's request, the district court delayed ruling on Houston's motion to dismiss so that Whitaker might file additional materials in support of his claim. Although Whitaker subsequently filed testimony of the Chief of Police, that testimony did not support Whitaker's claim that a City policy, practice, or custom of discrimination caused him to lose the promotion to Assistant Chief.

Moreover, in the eleven months during which Houston's dismissal motion was pending before the district court, Whitaker never sought leave to amend his complaint but instead stood by its sufficiency. Then, after the district court granted Houston's motion to dismiss, Whitaker waited almost thirty days to file a motion for leave to amend, and thereafter waited an additional month before producing the amended complaint for which he sought permission to file. Consequently, we conclude that the district court did not abuse its discretion when, on grounds of "lack of due

---

[26]*Gregory,* 634 F.2d at 203.

[27]*Id.,* quoting *Frank Adam Electric Co. v. Westinghouse Electric & Mfg. Co.,* 146 F.2d 165, 167 (8th Cir.1945).

diligence," it denied Whitaker's post-dismissal Rule 15(a) motion to amend his complaint.  We need not and therefore do not consider the sufficiency of Whitaker's amended complaint.

## III. CONCLUSION

Consistent with the implication of our earlier decisions and the position adopted by the Eleventh Circuit in *Czeremcha,* we adopt the rule that the right to amend as of course under Rule 15(a) terminates with an order of dismissal;  however, a plaintiff may thereafter move the court for discretionary leave to amend unless that court in its dismissal order shall have stated or clearly indicated that no amendment is possible or that dismissal of the plaintiff's complaint constitutes dismissal of the action.  We find, in this case, that the district court did not abuse its discretion when for reason of undue delay it denied Whitaker's post-dismissal motion for permission to amend under Rule 15(a).  The district court's dismissal is therefore AFFIRMED.