IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-20568
Summary Calendar
_____

NICK DIMINICO,                                    Plaintiff-Appellant,

versus

LEHMAN BROTHERS, INC., formerly known as
Shearson Lehman Brothers, Inc.,              Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(CA-H-95-1057)
_____

April 12, 1996

Before SMITH, BENAVIDES and DENNIS, Circuit Judges.

PER CURIAM[*]:

Plaintiff-Appellant Nick Diminico ("Diminico") appeals the district court's order of dismissal in this case entered June 28, 1995. Although the court failed to enter a judgment separate from the dismissal order as required by FED. R. CIV. P. 58, the record makes clear that the district court intended to end the litigation with this order. Therefore, we may exercise jurisdiction over the appeal. *See Whitaker v. City of Houston, Tex.*, 963 F.2d 831, 833-34 (5th Cir. 1992). Finding the district court's dismissal in error, we vacate and remand.

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

On June 30, 1994, Diminico filed his original complaint in the district court alleging claims under the Employee Retirement Income Security Act of 1974 ("ERISA") and claims under Texas law. The district court dismissed Diminico's complaint without prejudice for failure to serve the summons within 120 days of the filing of the complaint. *See* FED. R. CIV. P. 4(j).

On February 14, 1995, Diminico filed in Texas state court alleging the same claims. Defendant-Appellee Lehman Brothers, Inc. ("Lehman Brothers") removed the action to federal court and moved to dismiss based on the running of the statute of limitations applicable to Diminico's claims. The district court granted the motion to dismiss, finding that the case was based upon the same set of facts as the cause of action previously dismissed. The court did not address Lehman Brothers' limitations defense.

II.

The district court's second dismissal now on appeal appears to be based on the doctrine of *res judicata* and/or collateral estoppel. We find that *res judicata* cannot be properly applied in this case. The first dismissal was without prejudice, and was not a judgment on the merits. In addition, Lehman Brothers was not properly served in the first action and, thus, was not a proper party. Therefore, because the was never a final judgment on the merits and the parties are not identical in both suits, the district court erred in dismissing Diminico's second cause of action based on the doctrine of *res judicata*. *See Nagle v. Lee*,

807 F.2d 435, 440 (5th Cir. 1987). We also find collateral estoppel inapplicable as the facts were not "fully and fairly litigated" in the first action and the parties were not cast as adversaries in the first action. *See Matter of Greenway*, 71 F.3d 1177 (5th Cir. 1996).

Lehman Brothers argues on appeal that dismissal was proper because Diminico's claim for conversion is barred by the applicable two-year statute of limitations. However, Diminico did not specify in his complaint which section under ERISA applied to his cause of action. The determination of the nature of Diminico's cause of action and the applicable statute of limitations is a mixed question of law and fact. Such a determination requires a close examination of Diminico's pleadings to evaluate their true nature and specification as to the pertinent ERISA section that he alleges Lehman Brothers violated. As a court of review, we decline to make such a factual determination in the first instance and remand to the district court for further development and evaluation.

### III.

For the reasons articulated above, the district court's dismissal is VACATED, and we REMAND to the district court for further development consistent with this opinion.