IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-31218
Conference Calendar
_____


CURTIS E. DILLON,
also known as Bradford K. Dillon,

                                        Plaintiff-Appellant,

versus

BILL BELT ET AL.,

                                        Defendants,

MICHAEL LAGRANGE,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 96-CV-945
--------------------

August 26, 1999

Before KING, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

     Curtis Dillon (Louisiana prisoner #282159) appeals after the

dismissal of his civil rights suit brought under 42 U.S.C.

§ 1983.  He argues that the district court abused its discretion

in refusing to allow him to amend his complaint after he

dismissed his attorney.  After reviewing the record and the

briefs of the parties, we hold that the district court did not

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

abuse its discretion in denying Dillon leave to amend his complaint at that late stage of the proceedings.  See Shivangi v. Dean Witter Reynolds, Inc., 825 F.2d 885, 891 (5th Cir. 1987) ("While leave to amend must be freely given, that generous standard is tempered by the necessary power of a district court to manage a case.").

Not only was Dillon's request to amend untimely, the record reflects that it was futile as well.  Dillon states that he wanted to amend his complaint back to its original form, specifically that he wanted to add a claim of false imprisonment based on his "illegal" transfer from the East Baton Rouge Parish Jail to the Avoyelles Parish Jail.  In his original complaint, he alleged that Bill Belt and Edward Knoll had ordered the illegal transfer.  Dillon, however, was precluded at that point from asserting claims against Belt and Knoll, as well as A.J. Thibodeaux, Kelly Ray Jones, and Doris Lemoine, because his claims against those defendants had previously been dismissed with prejudice.  See Whitaker v. City of Houston, Tex., 963 F.2d 831, 835 (5th Cir. 1992)(stating that dismissal with prejudice clearly indicates that no amendment is possible).  The only remaining defendant at that point was Michael LaGrange, but Dillon has not alleged that LaGrange was associated in any way with his transfer between jails.  Because the district court properly exercised its discretion in denying Dillon leave to amend his complaint, its judgment is AFFIRMED.