IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20294
Summary Calendar

_____

JOSEPH EARL DAIGLE,

Plaintiff-Appellant,

v.

PAUL MICHNA; KEVIN R. JOHNSON;
GEORGE OLIN; WARREN K. DRIVER;
CITY OF TOMBALL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-98-CV-2940)

_____

November 18, 1999

Before KING, Chief Judge, WIENER and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Joseph Earl Daigle appeals from the district court's dismissal of his complaint and subsequent denial of his motion for reconsideration or, alternatively, a new trial. For the reasons stated below, we AFFIRM.

On August 8, 1998, Plaintiff-Appellant Joseph Earl Daigle ("Daigle") filed a complaint against Defendants-Appellees, the City of Tomball and City of Tomball police officers Paul Michna,

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

George Olin, Kevin R. Johnson, and Warren K. Driver (collectively, the "Officers"), in the 157th Judicial District Court of the State of Texas. Daigle complained that he was unfairly and unconstitutionally discharged from his position as a City of Tomball police officer. Defendants-Appellees subsequently removed the case to the United States District Court for the Southern District of Texas. On September 28, 1998, the City moved to dismiss Daigle's complaint under Fed.R.Civ.P. 12(b)(6). The Officers filed an answer to the complaint on November 6, 1998.

During a December 14, 1998, scheduling conference Daigle orally moved for, and was granted, leave to file an amended complaint. This action was reflected in an order filed by the court on December 15, 1998. Daigle never proposed, and the district court never set, a date by which the amended complaint should be filed. Two days after the conference, the Officers filed a 12(b)(6) motion to dismiss. Daigle filed a reply to both motions to dismiss on December 23, 1998.

On January 14, 1999, the district court entered an order dismissing Daigle's complaint for failure to state a claim.[1] A final judgment was entered the same day. Daigle failed to file

---

[1] Daigle's original complaint included six different causes of action. The district court dismissed five and remanded one to state court. On appeal, Daigle's only challenge to the 12(b)(6) dismissal is that the court erroneously dismissed his First Amendment claims. Because Daigle does not challenge the remainder of the court's order, we consider any such argument to be waived.

an amended complaint prior to the court's order and entry of judgment.

Daigle subsequently filed, pursuant to Rule 59, a motion for reconsideration or, in the alternative, a new trial. Attached to the motion was Daigle's proposed amended complaint. Daigle also separately filed the amended complaint. Daigle argued that the district court erred in dismissing his claims and, in any event, that he should have been allowed to submit his amended complaint prior to the consideration of any motion to dismiss. The district court denied Daigle's motion for a new trial and granted Appellees' motion to strike Daigle's amended complaint. Daigle timely appeals.

DISCUSSION

We note at the outset that Daigle advances two arguments on appeal: 1) that the district court erred in dismissing his First Amendment claim because his original complaint adequately pled a cause of action, and 2) the district court erred in dismissing his complaint and entering judgment before he filed an amended complaint. We address each of these arguments in turn.

**I. Daigle's First Amendment Claim**

We review the district court's dismissal de novo, accepting as true the complaint's well-pleaded factual allegations. See Norman v. Apache Corp., 19 F.3d 1017, 1021 (5th Cir. 1994). Dismissal under 12(b)(6) is appropriate if it appears, beyond

3

doubt, that a plaintiff can prove no set of facts entitling him to relief.  See Conley v. Gibson, 355 U.S. 41, 45 (1957).

The gravamen of Daigle's First Amendment claim revolves around his refusal to "choose sides" in an internal Tomball Police Department dispute.  In 1992, the City dismissed police chief Joseph Schultea and replaced him with another City of Tomball police officer, Appellee Michna.  Daigle contends that after Schultea was dismissed, any officer who did not align themselves with Michna, and against Schultea, was placed on a "hit list" and eventually discharged from the police force. Daigle contends that he was fired because he chose to exercise his First Amendment rights by remaining neutral in the dispute, refusing to align himself with either Michna or Schultea.

The district court reasoned that because Daigle had not actually engaged in any sort of speech, instead choosing to remain neutral in the dispute, and because no one demanded that he speak, his First Amendment rights were not violated.  We agree that by the face of his pleadings, Daigle has failed to allege that he engaged in any exercise of his First Amendment rights.

"A state may not deny an individual public employment or benefits related thereto based on the individual's exercise of [his] First Amendment right to free expression even when the individual lacks a liberty or property interest in the employment...." Jones v. Collins, 132 F.3d 1048, 1052 (5th Cir. 1998).  To sufficiently plead a First Amendment violation, Daigle must allege that "he engaged in speech, or at least expressive

4

activity, and that his 'speech' was protected by the First Amendment."  Mylett v. Mullican, 992 F.2d 1347, 1349-50 (5th Cir. 1993).  While it is true that one need not engage in actual speech to invoke the protections of the First Amendment, and that "silence in the face of an illegitimate demand for speech is subject to First Amendment protection," Daigle fails to plead any set of facts that, taken as true, support a First Amendment claim.  Jones v. Collins, 132 F.3d at 1054 (citing Wooley v. Maynard, 430 U.S. 705 (1977)).

Daigle's original complaint does not allege that anyone demanded he speak out in favor of Michna or against Schultea. Nor does the complaint allege that anyone told Daigle that his failure to speak out would result in his termination.  Daigle points out that his original complaint stated that "due to [his refusal] to choose sides, and to attempt to remain neutral in the ensuing battle between Chief Schultea and the City of Tomball, it is believed by plaintiff that he was placed on the Michna hit list and was ultimately terminated on August 8, 1996."  This statement does not indicate that Daigle engaged in any activity protected by the First Amendment.

Daigle argues that his silence was expressive activity and is therefore entitled to First Amendment protection.  While silence in the face of a demand to speak may be construed to constitute expressive "conduct" for purposes of the First Amendment, silence, in this instance, does not rise to the level of protected expressive activity.  For an activity to constitute

5

expressive conduct it must be "sufficiently imbued with elements of communication."  Cabrol v. Town of Youngsville 106 F.3d 101, 109 (5th Cir. 1997) (citing Spence v. Washington, 418 U.S. 405, 409 (1974)).  Conduct is sufficiently communicative if the intent of the conduct is to convey a particular message and it is likely that the message would be understood by those viewing it.  Id. (citing Texas v. Johnson, 491 U.S. 397, 404 (1989)).  Under no set of facts alleged in Daigle's compliant can he show that he intended his silence to communicate a message.  In fact, Daigle admits that the very purpose of his silence was to remain neutral, thus avoiding the communication of any message or preference.  In sum, Daigle's original complaint fails to allege any viable First Amendment claim.

## II.  The District Court's Dismissal Prior to Daigle's Filing of an Amended Complaint.

Daigle argues that the district court erred in dismissing his complaint before he had filed an amended complaint. Procedurally, this argument is best framed as an attack on the court's refusal to grant Daigle's motion for a new trial.  What Daigle contends is that the court's failure to withhold ruling on the motions to dismiss until an amended complaint had been filed warrants a new trial.  We are not persuaded by this argument. The decision to grant a new trial is "committed to the sound

6

discretion of the trial court. We will not reverse unless an abuse of that discretion is shown." Calcasieu Marine Nat. Bank v. Grant, 943 F.2d 1453, 1464 (5th Cir. 1991).

We begin by noting that "once ... a judgment is entered amendment of the complaint is no longer possible." Whitaker v. City of Houston, Texas, 963 F.2d 831, 835 (5th Cir. 1992). Prior to that time, district court had discretion, under Rule 15(a), to decide whether to allow Daigle to file an amended complaint. See Foman v. Davis, 371 U.S. 178, 182 (1962). While the district court granted leave to amend, it did not set a date after which an amended complaint would not be accepted, nor did it state that it would withhold ruling on the outstanding motion to dismiss until an amended complaint was submitted. We refuse to find that the granting of leave to amend automatically suspends the court's ability to decide any pending motions to dismiss.

Daigle complains that his attorney was on vacation from December 23, 1998, until early January, 1999, and was therefore unable to file promptly an amended complaint. This does not excuse Daigle from failing to file such a complaint between the December 14 scheduling conference and January 14, when the district court dismissed the case. Daigle was aware that various motions to dismiss were pending. In fact, while he was not able to prepare an amended complaint prior to his vacation, Daigle's attorney did manage to file an opposition to the motions to dismiss on December 23, 1998.

Daigle should have been on notice that his complaint was

7

severely deficient. The motions to dismiss clearly pointed out a number of shortcomings in the original complaint. A reading of Daigle's amended complaint reveals no information that would have come to light only after the December conference. In short, there is no compelling reason Daigle can point to as justification for failing to file an amended complaint for nearly a month after having been given leave to do so.

The district court's disposition of cases need not come to a grinding halt to accommodate an attorney's vacation schedule. Daigle's attorney was on notice that his complaint was on shaky ground and that an amended complaint was needed posthaste. The district court did not abuse its discretion in refusing to grant Daigle's motion for a new trial simply because the court chose to dismiss the case prior to receiving Daigle's anticipated amended complaint.

CONCLUSION

For the above stated reasons, the judgment of the district court is AFFIRMED.