IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40451
Summary Calendar
_____

JEREMY HAYES MUNDINE,

                                        Plaintiff-Appellant,

v.

GARY L. JOHNSON, Director; JERRY PATTERSON, Deputy Director of
Operations TDCJ-ID; WILLIAM MCCRAY, Deputy Director of
Administrative Services; S.O. WOODS, Chief of Classification;
BARRETT KEITH BROWN, Attorney,

                                        Defendants-Appellees.

* * * * * * * * * * * * * * * * * * * *


**Consolidated with**

_____

No. 00-40452
Summary Calendar
_____

JEREMY HAYES MUNDINE,

                                        Plaintiff-Appellant,

v.

BARRETT KEITH BROWN; TODD MCCRAY; DON JARVIS; GRAYSTON COUNTY,

                                        Defendants-Appellees.

--------------------
Appeals from the United States District Court
for the Eastern District of Texas
USDC Nos. 4:99-CV-303, 4:00-CV-19
--------------------
December 8, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In these consolidated cases, Jeremy Mundine (Texas prisoner #627222) appeals the district court's dismissals of two civil rights actions as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Because the district court dismissed both of Mundine's civil rights actions as frivolous under § 1915(e)(2)(B)(i), we review only for an abuse of discretion. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). Mundine has also filed several motions, including a motion to present demonstrative evidence, a motion for injunctive relief, and a motion for summary judgment. These motions are DENIED, as are all other outstanding motions.

Mundine's complaint in case number 00-40451 sought damages from various officials of the Texas Department of Criminal Justice-Institutional Division and Barrett Keith Brown, his retained defense attorney in Texas criminal proceedings, because Mundine's eight-year Texas sentence was not being credited with the seven months that he spent as a pretrial detainee. In dismissing Mundine's suit as frivolous, the district court, relying on Heck v. Humphrey, 512 U.S. 477 (1994), concluded that Mundine's claim for damages was not cognizable in a 42 U.S.C. § 1983 action because he had not shown that his sentence had been overturned or invalidated. Mundine has not satisfied Heck's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

favorable-termination requirement and, consequently, has not shown that the district court abused its discretion in dismissing the suit in 00-40451 as frivolous. See Randell v. Johnson, 227 F.3d 300 (5th Cir. Sept. 26, 2000, No. 99-11092), 2000 WL 1280459 at *1-*2.

Mundine's complaint in case number 00-40452 sought damages from Brown, his retained defense attorney, because of purported deficiencies in Brown's representation during the Texas criminal proceedings. The district court concluded that Mundine's suit was foreclosed by Polk County v. Dodson, 454 U.S. 312, 325 (1981), because Brown was not acting under the color of state law for the purposes of § 1983 liability. The district court's reliance on Dodson was appropriate. Although Mundine attempts to distinguish Dodson by pointing out that Brown was eventually appointed to represent him, his effort is unavailing because Dodson itself involved a public defender. See 454 U.S. at 325.

Mundine also points to allegations made in his "Supplemental Amended Complaint" in an effort to show that Brown conspired with state officials, namely the county attorney and the assistant county attorney. Mundine's amended complaint, however, was filed more than one month after entry of the district court's final judgment, which dismissed his action with prejudice. Thus, Mundine's right to amend his complaint had already terminated, and the district court was under no obligation to consider the allegations made in his amended complaint. See Whitaker v. City of Houston, Tex., 963 F.2d 831, 837 (5th Cir. 1992). Because the allegations in Mundine's initial complaint were squarely

foreclosed by <u>Dodson</u>, the district court did not abuse its discretion in dismissing the instant suit as frivolous. <u>See</u> <u>Siglar</u>, 112 F.3d at 193.

Mundine's appeal is likewise frivolous and is therefore DISMISSED. <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. The dismissals of his two suits in the district court each count as a strike for the purposes of 28 U.S.C. § 1915(g), as does the dismissal of this appeal. <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 385-87 (5th Cir. 1996). We caution Mundine that, by accumulating three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. <u>See</u> § 1915(g).

MOTIONS DENIED; APPEAL DISMISSED; § 1915(g) WARNING ISSUED.