**UNITED STATES of America**
**Plaintiff—Appellee**

v.

**Aaron Bruce WILLIAMS Defendant—**
**Appellant**

No. 02–31241.

**SUMMARY CALENDAR.**

United States Court of Appeals,
Fifth Circuit.

July 22, 2003.

Before REYNALDO G. GARZA,
JONES, and EMILIO M. GARZA, Circuit
Judges.

PER CURIAM.[1]

Aaron Bruce Williams, Louisiana prisoner # 08392–035, appeals the denial of his FED. R. CIV. P. 15 motion to amend. In the motion, Williams sought to amend a previously filed 28 U.S.C. § 2255 motion in order to "clarify" and "amplify" his claim of prosecutorial misconduct.

Because the 28 U.S.C. § 2255 motion which first raised the prosecutorial misconduct claim had already been denied at the time Williams filed his FED. R. CIV. P. 15(c) motion to amend, there was no § 2255 motion to relate back to. *See Whitaker v. City of Houston,* 963 F.2d 831, 834–35 (5th Cir.1992); *Warren v. Garvin,* 219 F.3d 111, 114 (2nd Cir.2000)("the 'relation back' doctrine is inapplicable when the initial habeas petition was dismissed, because there is no pleading to which to relate back"); *see also Graham v. Johnson,* 168 F.3d 762, 780 (5th Cir.1999); *Neverson v. Bissonnette,* 261 F.3d 120, 126 (1st Cir. 2001). Accordingly, the motion to amend was unauthorized and without a jurisdictional basis. *See United States v. Early,* 27 F.3d 140, 142 (5th Cir.1994).

Even if construed as a § 2255 motion to vacate, Williams' motion is a successive motion that would be barred unless he had first obtained authorization from this

---

1. Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Court to file such a motion in the district court, which he did not do. *See* 28 U.S.C. § 2244(b)(3)(a); 28 U.S.C. § 2255; *United States v. Rich,* 141 F.3d 550, 551 (5th Cir.1998).

For the foregoing reasons, the judgement of the district court is AFFIRMED.