# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 27, 2010

No. 09-20795
Summary Calendar

Lyle W. Cayce
Clerk

DAVID MICHAEL HAINES,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CIRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-3118

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:*

David Michael Haines, Texas prisoner # 1562194, appeals, *pro se* and *in forma pauperis*, the denial of his *pro se* petition for a writ of mandamus. Haines initially complained that the Texas Department of Criminal Justice was violating the consent decree issued by *Ruiz v. Estelle*, 503 F. Supp. 1265 (S.D. Tex. 1980), *aff'd in part, rev'd in part*, 679 F.2d 1115 (5th Cir.), *amended in part, vacated in part,* 688 F.2d 266 (5th Cir. 1982) (conditions of confinement). The

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court denied Haines mandamus relief and dismissed his action as frivolous and for failure to state a claim.

To the extent that Haines' "notice of amended appeal" can be construed as a timely notice of appeal from the district court's denial of his postjudgment motions, Haines has failed to address the district court's finding that it lacked jurisdiction to consider those motions. Accordingly, it is as if he has not appealed the denial of his postjudgment motions. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Haines does not challenge the district court's concluding that Haines was not entitled to mandamus relief, and he appears to contend that his petition should have been construed as a civil-rights complaint. The dismissal of a claim as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) is reviewed for abuse of discretion, and a dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) is reviewed *de novo*, using the same standard applicable to dismissals pursuant to Federal Rule of Civil Procedure 12(b)(6). *Black v. Warren*, 134 F.3d 732, 733 (5th Cir. 1998).

The district court considered construing Haines's petition as a civil-rights complaint but correctly determined that violations of the *Ruiz* decree, without more, are not cognizable in a 42 U.S.C. § 1983 action. *See Green v. McKaskle*, 788 F.2d 1116, 1124 (5th Cir. 1986). To the extent Haines asserts that his claims of excessive force, denial of medical treatment, and denial of access to courts are cognizable under § 1983, his brief does not establish either when those violations occurred or how any of the named defendants were involved with, or responsible for, those claimed violations. As he has failed to adequately brief those claims, they are abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann,* 813 F.2d at 748. Moreover, although Haines attempts to incorporate contentions raised in district court into his appellate brief by reference, he may not do so. *See Yohey,* 985 F.2d at 224-25.

Haines' claims that he should have been allowed to amend his petition do not demonstrate reversible error.  He moved one time before the final judgment was entered to amend.  Haines did not, however, seek to amend his petition to raise cognizable claims under § 1983.  The district court did not abuse its discretion in denying the motion. *See Whitaker v. City of Houston*, 963 F.2d 831, 836 (5th Cir. 1992).

AFFIRMED.