# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2014

Lyle W. Cayce
Clerk

No. 13-20290

MIKKEL S. AAES; SAFVAN ADAM; OKEEDO ALEXANDER; MOSTAFA ALLAMI; JOHN ALLEN; ET AL,

> Plaintiffs - Appellants

v.

4G COMPANIES; 4G PRIVATE EQUITY, L.L.C.; 4G GLOBAL ALTERNATIVES, L.L.C.; 4G NEW GLOBAL ENERGY, L.P.; 4G ALTERNATIVE ENERGY, L.L.C.; ENERMAX, INCORPORATED; SEISMA OIL RESEARCH, L.L.C.; JUSTIN SOLOMON; BRET BOTELER; STEVE RACKLEY; BRIAN GUINN; S. LAVON EVANS, JR.; EVANS ENERGY, L.L.C.; S. LAVON EVANS, JR. OPERATING COMPANY, INCORPORATED; SEISMA ENERGY RESEARCH AVV, also known as Seisma Oil Research AVV,

> Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
No. 4:11-CV-975

Before JONES, SMITH, and OWEN, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20290

Appellants are non-U.S. investors in Seisma Oil Research or related companies. Appellees ("Appellees") are Texas, Florida, and Mississippi corporations, partnerships, and individuals. Appellants assert a variety of causes of action arising from Appellees' allegedly fraudulent sale of shares in Texas oil and gas ventures. The district court dismissed Appellants' claims with prejudice after they failed to respond for a year to the court's offer to replead. We AFFIRM.

In March 2011, Appellants filed suit in the Southern District of Texas. Multiple Appellees moved to dismiss the original complaint for failure to state a claim. On March 1, 2012, while the motions to dismiss were pending, Appellants filed an amended complaint. The amended complaint included 21 new plaintiffs, but the alleged facts and causes of action were the same as in the original complaint. Several Appellees, who had moved to dismiss the original complaint, moved to dismiss the amended complaint on identical grounds and as untimely.

On March 20, 2012, the district court granted Appellees' original motions and dismissed the claims alleged in the initial complaint without prejudice, with leave to file an amended complaint. In July 2012, without having taken any further action in the case below, Appellants sued Appellees in Texas state court. Appellees removed that case on diversity grounds to federal court.[1] In response, Appellants brought another suit in state court, now also removed, that named an additional defendant who was allegedly not in diversity with plaintiffs.[2]

While litigating these other cases, however, Appellants continued to do

---

[1] *Mikkel S. Aaes, et al. v. 4G Private Equity, LLC, et al*, No. 4:12-cv-03058 (S.D. Tex. filed Oct. 12, 2012).

[2] Plaintiffs' Original Petition, *Mikkel S. Aaes, et al. v. 4G Private Equity, LLC, et al.,* No. 4:13-cv-01310 (S.D. Tex. May 6, 2013) ECF No. 1-1 ¶146.

nothing in the present one. They did not inform the district court of the state court filings. They also failed to amend their complaint or answer the motions to dismiss the amended complaint. Ultimately, after a full year without a single filing from the parties, the district court dismissed Appellants' action with prejudice, citing Appellants' prolonged idleness. The effect of the dismissal order was to preclude the two removed actions. After the district court denied Appellants' motion to amend the dismissal and/or for relief from judgment, this appeal was filed.

Appellants argue that the final order of dismissal with prejudice was incorrect for three reasons, none of which has merit. First, they contend that the district court had no authority to enter the March 2013 order because the March 2012 order dismissing Appellants' original complaint was a final judgment. This order of dismissal, however, did not "state[ ] expressly or by clear indication reflect[ ] the court's intention to dismiss [Appellants'] entire action." *Lousiana v. Litton Mort. Co.*, 50 F.3d 1298, 1302 (5th Cir. 1995). It specifically granted Appellants leave to file an amended complaint and thereby clarified that only the original complaint, and not the case itself, had been dismissed. And contrary to Appellants' view, *Whitaker v. City of Houston*, 963 F.2d 831 (5th Cir. 1992), does not afford them the right to treat the March 2012 order as final. As they did below, Appellants cite but misunderstand the rule that "a plaintiff whose 'complaint' has been dismissed may elect either to (1) treat the dismissal as a final appealable order and appeal under Fed. R. App. P. 4(a), or (2) ask for leave to amend the original pleading under Fed. R. Civ. P. 15(a). *Whitaker*, 963 F.2d at 832. We concur with the district court that this rule does not afford plaintiffs the discretion to determine whether a dismissal of a complaint is a final order. Under *Whitaker*, that decision remains with the district court. *Id.* at 835 (providing that an order dismissing a complaint also dismisses the case "when it clearly indicates that no

No. 13-20290

amendment is possible—e.g. when the complaint is dismissed with prejudice or with express denial of leave to amend").

Second, Appellants argue that the final dismissal was unwarranted because they complied with the March 2012 order of dismissal "as closely as possible" by filing an amended complaint in Texas state court. As the district court explained: "It should go without saying that the leave granted was to file an amended complaint in *this* court, not in state court." Opinion and Order, *Mikkel S. Aaes, et al. v. 4G Companies, et al*, No. 4:11-cv-00975, (S.D. Tex. Apr. 23, 2013) ECF No. 89 at 5 n.2 (emphasis in original). Indeed, the March 2012 order never granted Appellants leave to drop out of the federal case, nor did they avail themselves of the procedures outlined in Fed. R. Civ. P. 41(a) to do so.

Third, Appellants contend the district court abused its discretion to dismiss the case. Appellants delayed the proceeding below, however, by failing to amend their complaint for at least one year in response to the district court's order dismissing their initial pleading. Appellants had already amended their complaint once, and the length of the delay after the district court provided them unbridled authority to amend another time was more than sufficient to convince the court that Appellants had been "afforded adequate opportunity to develop his case to the point where any merit it contains would have become apparent." *Goodley v. Reno*, 81 F.3d 157 (5th Cir. 1996). We also agree with the district court that Appellants' decision to bring the state court actions while the federal proceeding remained open evinces a dilatory motive. The obvious inference is that Appellants viewed the federal case as a "placeholder" that they could revisit depending on the outcome of their state cases. And regardless of Appellants' intent, their decision to bring two state court actions while missing in action from the present case prejudiced Appellees. Appellees were forced to defend numerous cases in separate jurisdictions simultaneously,

4

No. 13-20290

and Appellants' absenteeism in the case below left Appellees alone to comply with the district court's pre-trial deadlines.     In sum, the court's dismissal was not an abuse of discretion. *Lewis v. Sherriff's Dept. Bossier Parish*, 478 Fed. Appx. 809, 816 (5th Cir. 2012) (holding that dismissal with prejudice is warranted where case delayed for more than a few months), *cert. denied*, 133 S. Ct. 865 (2013), *reh'g denied,* 133 S. Ct. 1627 (2013); *see also Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607-08 (5th Cir. 1998) (maintaining that dismissal with prejudice is not an abuse of discretion where delay, dilatory motive, repeated failure to cure deficiencies, or undue prejudice to the opposing party is present).

Accordingly, we **AFFIRM** the district court's dismissal of this case.