# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2020

Lyle W. Cayce
Clerk

No. 19-20292

RONALD DWAYNE WHITFIELD, *Presumed Father*, *also known as*
PROPHET RONALD DWAYNE WHITFIELD; BRANDY BRENAY
CHARLES-WHITFIELD, *Mother*; K.L.W., *a child*,

*Plaintiffs—Appellants*,

*versus*

TEXAS CHILDREN MEMORIAL HERMANN HOSPITAL, MEDICAL
CENTER, AGENTS, DOCTORS, SECURITY, NURSES, EMPLOYEES
THEREOF; A CORPORATION; GOVERNMENT OF THE STATE OF
TEXAS, EXECUTIVE, LEGISLATIVE & JUDICIAL BRANCHES;
GREG ABBOTT, *Governor of the State of Texas*; COMMISSIONER OF
TEXAS HEALTH AND HUMAN SERVICE; TEXAS DEPARTMENT OF
FAMILY AND PROTECTIVE SERVICES; CORRECTIONAL
INSTITUTIONS DIVISION, CRIMINAL JUSTICE PAROLE
DIVISION, HARRIS COUNTY TEXAS; COMMISSIONERS COURT;
HARRIS COUNTY SHERIFF'S DEPARTMENT; DISTRICT CLERK;
DISTRICT ATTORNEY; PROBATE COURTS 3 & 4; CITY OF
HOUSTON, MAYOR AND COUNCIL MEMBERS; TEXAS STATE
COMMISSION ON JUDICIAL CONDUCT; JUSTICES AND JUDGES OF
THE SUPREME COURT OF TEXAS; FIRST AND FOURTEENTH
COURTS OF APPEALS OF TEXAS; COURT OF CRIMINAL APPEALS
OF TEXAS; 174TH, 337TH, 351ST, 313TH AND 314TH JUDICIAL
FAMILY DISTRICT COURT OF HARRIS COUNTY; BEHAVIORAL
HOSPITALS OF BELLAIRE AND (UNKNOWN); BONNIE FITCH,
*Texas Attorney*; MICHAEL CRIAGE, *Texas Attorney*; RAYCHAEL
JOHNSON, *Texas Attorney*; JOHN F. PHILLIPS, (*former judge*) *Texas
Attorney*; JULI CROW, *Texas Attorney*; VALERIA BROCK, *Texas*

*Attorney*; Donald M. Crane, *Texas Attorney*; Johns and Janes, (Does),

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-1420

---

Before Clement, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:*

Ronald Dwayne Whitfield (Whitfield), formerly Texas prisoner # 623668, purportedly along with his wife, Brandy Brenay Charles-Whitfield (Charles-Whitfield) (collectively, "the Whitfields"), filed a civil action which sought a preliminary injunction to enjoin state authorities from continuing with adoption proceedings involving their biological child, K.L.W. In conjunction with the action regarding the adoption proceedings, Whitfield requested that the district court lift an existing sanction order, and he requested permission to proceed.

The district court initially granted in forma pauperis (IFP) status; however, the court later entered an order of dismissal in which it denied Whitfield's motion to proceed as a sanctioned litigant. The district court determined that IFP status had been improvidently granted to Whitfield, as he had several unpaid monetary sanctions and he was barred from filing civil actions without payment of the sanctions and preauthorization from the district court. The district court therefore dismissed Whitfield's claims without prejudice. As to Charles-Whitfield, the district court examined the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

pleadings and found that she had not personally signed them; it also found that Whitfield was not a licensed attorney and that he therefore could not represent Charles-Whitfield. Based on these determinations, the district court dismissed the claims raised on behalf of Charles-Whitfield, or purportedly brought by her, without prejudice for lack of jurisdiction. Because the Whitfields' parental rights had been terminated, the district court also dismissed the claims brought on behalf of K.L.W. for lack of jurisdiction. Whitfield has paid the outstanding monetary sanctions imposed by this court, and the Whitfields now jointly move to proceed IFP on appeal.

To proceed IFP on appeal, a movant must demonstrate both financial eligibility and the existence of a nonfrivolous appellate issue. 28 U.S.C. § 1915(a)(1); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). A frivolous appeal may be dismissed by this court sua sponte. 5TH CIR. R. 42.2.

In their IFP motion, the Whitfields assert that their court filings have been altered, but their unsupported and conclusory contention is insufficient to raise a nonfrivolous issue. *See Mowbray v. Cameron Cnty., Tex.*, 274 F.3d 269, 278 (5th Cir. 2001). The Whitfields also challenge the district court's denial of their request for the entry of a "final judgment" on a separate document under Federal Rule of Civil Procedure 58(a). However, the district court's denial of their motion does not present a nonfrivolous issue for appeal. *See Whitaker v. City of Houston, Tex.*, 963 F.2d 831, 833-34 (5th Cir. 1992); FED. R. CIV. P. 58(c)(2)(B); FED. R. APP. P. 4(a)(7)(B).

The Whitfields do not address the district court's reasons for dismissing their action. Although pro se filings are afforded liberal construction, *see Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993), when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Thus, by failing

to challenge the district court's determinations that Whitfield was barred from filing a civil action as a sanctioned litigant, that Charles-Whitfield had failed to personally sign the pleadings, that Whitfield was not an attorney, and that the district court lacked jurisdiction over the claims brought on behalf of K.L.W., the Whitfields have abandoned those issues. *See Yohey*, 985 F.2d at 224-25; *Brinkmann*, 813 F.2d at 748.

Because the Whitfields have not demonstrated that there is a nonfrivolous issue for appeal, their IFP motion is denied, and the appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2. Their motion for the appointment of counsel is denied, as there is no right to counsel in civil rights actions, and they have not shown the existence of exceptional circumstances. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). The motion to transfer the instant matter to the Supreme Court of the United States is also denied.

Whitfield is a vexatious litigant who has been sanctioned previously by this court and by the district court. The monetary sanctions of $100 and $250 previously imposed by this court failed to deter Whitfield from filing yet another frivolous appeal. Consequently, a monetary sanction of $500 is hereby imposed on Whitfield, and he is barred from filing any pleadings in this court or in any court subject to this court's jurisdiction until the sanction is paid in full, unless he first obtains leave of the court in which he seeks to file such pleadings. Whitfield is also warned that the filing of future frivolous, repetitive, or otherwise abusive pleadings in this court or any court subject to this court's jurisdiction will subject him to additional and progressively more severe sanctions.

Appeal DISMISSED as frivolous; motions DENIED; sanction IMPOSED; additional sanction warning ISSUED.