# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 21, 2022

Lyle W. Cayce
Clerk

No. 21-40493
Summary Calendar

Mark A. Cantu,

*Plaintiff—Appellant*,

*versus*

Guerra & Moore Limited, L.L.P.; Carlos Guerra; J.
Michael Moore,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:18-CV-161

Before Stewart, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:*

Mark Cantu, a disbarred attorney acting pro se, appeals the dismissal of his state court "bill of review" that the defendants removed to federal court under 28 U.S.C. § 1331 and 28 U.S.C. § 1334. Cantu's bill of review,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40493

his second amended bill of review, was one of his multiple attempts to challenge a foreclosure order that was entered by the federal district court and affirmed by this court in another case. Cantu contends on appeal that the district court lacked jurisdiction in this case.

The defendants, Guerra & Moore (G&M) move to dismiss the appeal for lack of a timely notice of appeal. After a bench trial, the district court issued a decision in November of 2020 denying all relief and ordering that Cantu take nothing. That November decision ended the litigation on the merits and left nothing for the court to do but to execute the judgment. *See Whitaker v. City of Houston, Tex.*, 963 F.2d 831, 833 (5th Cir. 1992). The court then denied Cantu's motion for additional findings and conclusions under Federal Rule of Civil Procedure 52(b) on December 22, 2020. The district court did not enter a separate judgment until May 24, 2021. Cantu filed a notice of appeal 30 days after the May 24 judgment.

We assume, favorably to Cantu, that the December 22 order began the time for appealing under Federal Rule of Appellate Procedure 4(a)(4)(A)(ii). The lack of a separate judgment means that the judgment was deemed to have been entered on May 21, 2021, because that was the "earlier of" the district court's issuance of the May 24 judgment and the running of 150 days from the entry of the December 22 order under Rule 4(a)(7)(A)(ii) and Federal Rule of Civil Procedure 59(c)(2)(B). Cantu's notice of appeal was thus due 30 days thereafter, on Monday, June 21, 2021. Because the notice of appeal was filed on June 23, it was untimely, and we lack appellate jurisdiction. *See Bowles v. Russell*, 551 U.S. 205, 212 (2007); 28 U.S.C. § 2107.

Cantu contends that the May 24 judgment started the appeal period because neither the November order nor the December 22 order disposed of a counterclaim for sanctions that G&M had raised in its state court answer. Cantu's motion to take judicial notice of the state court answer is

GRANTED.    However, even if G&M were deemed to have raised a counterclaim in state court under Texas rules, any counterclaim was waived by not being included in the joint pretrial order in federal court, where the Federal Rules of Civil Procedure apply.  *See Elvis Presley Enterprises, Inc. v. Capece*, 141 F.3d 188, 206 (5th Cir. 1998); FED. R. CIV. P. 81(c)(1). Because the district court disposed of all the claims no later than December 22, we also reject Cantu's contention that the May 24 judgment was a sua sponte amendment of the deemed judgment under Federal Rule of Civil Procedure 59.    Cantu's various other contentions regarding appellate jurisdiction lack merit.

Accordingly, the appeal is DISMISSED for lack of jurisdiction.