991 F.2d 796
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Chris R. PLOTT, Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION, PACKARD ELECTRIC DIVISION;
International Union and Local 717 of Electronic,
Electrical, Salaried and Machine
Workers, AFL-CIO, Defendants-Appellees.
 No. 92-3166.
 United States Court of Appeals, Sixth Circuit.
 March 5, 1993.
 
 Before RALPH B. GUY, JR. and BOGGS, Circuit Judges, and BELL, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, Chris Plott, appeals from the denial of a motion to amend his complaint filed in this discrimination employment action brought pursuant to 42 U.S.C. §§ 2000e, 2(a), and (d). The district court granted defendants' Federal Rule of Civil Procedure 12(b)(6) motions to dismiss[1] and shortly thereafter denied, by marginal order, plaintiff's previously filed motion to amend.
 
 
 2
 Upon review, we reverse and remand.
 
 I.
 
 3
 Plaintiff, a white male, filed this Title VII action in 1988, alleging discrimination in the operation of General Motors' (GM) skilled trades apprenticeship program. The program was being administered pursuant to a voluntary conciliation agreement executed by GM, the Equal Employment Opportunity Commission (EEOC), and the Union defendants. Plott contended that, although he passed the test to gain entry into the apprenticeship program, he was being excluded as a result of minorities and women getting special assistance to enable them to pass the entry tests.
 
 
 4
 GM did not answer the complaint but filed a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. The Union defendants answered, and then filed a Rule 12(c) motion for judgment on the pleadings. Subsequent to GM filing its motion to dismiss, but prior to the Union's motion being filed, plaintiff moved to amend his complaint.
 
 
 5
 In their motions, the defendants primarily argued that the plaintiff had failed to allege bad faith in the implementation of the conciliation agreement and that the failure to do so was fatal under existing and controlling case law. Plaintiff's amendment sought to correct this alleged deficiency by claiming that:
 
 
 6
 In June 1987, after the testing format was independently modified to therefrom remove any discriminatory impact on Packard's minority group and/or female employee-applicants, Plaintiff successfully retested for admission into said skilled trades program; however, since the number of successfully-retested minority group and female employees remained less than that stipulated in said Conciliation Agreement, the unsuccessfully-retested minority group and female employees were alone provided a special course of instruction to take the test a third time, to the exclusion of white male employees, as a result of which instruction and triple-testing the number of successfully-tested minority group and female employees substantially exceeded that number stipulated in the Conciliation Agreement....
 
 
 7
 (App. 15-16) (emphasis added).
 
 
 8
 The district court granted the defendants' motions and then, by marginal entry, denied plaintiff's motion to amend.
 
 
 9
 Since General Motors had filed nothing but a Rule 12(b)(6) motion, plaintiff could still amend his complaint as a matter of right as to General Motors. Federal Rule of Civil Procedure 15 provides that a party may amend a pleading once as a matter of course "at any time before a responsive pleading is served...." The decided case law from all the circuits makes it clear that a motion to dismiss is not a responsive pleading within the meaning of Rule 15. Whitaker v. City of Houston, 963 F.2d 831 (5th Cir.1992).
 
 
 10
 Although the Union had filed a responsive pleading, the plaintiff's motion to amend was filed before the Union filed its motion for judgment on the pleadings. Had the court accepted the amendment as to General Motors, which it was required to do, the overwhelming likelihood is that the amendment would have been allowed as to the Union, since the court would already have an amended complaint before it. In any event, the district court's denial of the motion to amend by marginal order was ineffective as to all parties. We have repeatedly counseled against the use of marginal orders under circumstances such as are presented here. See, e.g., Akers v. Ohio Dep't of Liquor Control, 902 F.2d 477 (6th Cir.1990).
 
 
 11
 We note additionally that the district court, in determining plaintiff's complaint to be deficient, relied upon our decision in EEOC v. McCall Printing Corp., 633 F.2d 1232 (6th Cir.1980). We believe the court misread this case. In McCall, we stated:
 
 
 12
 Consequently, we hold that conciliation agreements resulting in consent decrees may not be considered independent acts of discrimination, as a matter of law, unless there are allegations of bad faith in making the agreement, that is, allegations that the agreement was not a bona fide attempt to conciliate a claim but rather an attempt to bestow unequal employment benefits under guise of remedying discrimination.
 
 
 13
 Id. at 1238.
 
 
 14
 Here, plaintiff does not claim the parties entered into the original agreement in bad faith but, rather, that it is now being implemented in a discriminatory manner. In McCall, the plaintiff sought to use the conciliation agreement and the consent decree as the sole basis of its complaint. Such is not the case here. Indeed, if plaintiff's allegations are true, General Motors and the Union subjectively may have the best of motives, but that would not necessarily insulate them from a well-pleaded claim of discrimination in favor of women and minorities.
 
 
 15
 This case is REVERSED and REMANDED, and the district court is instructed to allow the filing of the amended complaint. We pass no judgment on the merits of the amended complaint.
 
 
 
 *
 Honorable Robert Holmes Bell, United States District Court for the Western District of Michigan, sitting by designation
 
 
 [1]
 The union defendants filed a motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). While General Motors filed a Rule 12(b)(6) motion to dismiss, the district judge made no distinction between the defendants' motions in concluding the complaint should be dismissed