**Jewell LYCAN, Plaintiff,**

v.

**CITY OF LEBANON, et. al., Defendants.**

No. C–1–02–0156.

United States District Court,
S.D. Ohio,
Western Division.

Oct. 16, 2002.

Roger Dale Staton, Lebanon, OH, for plaintiff.

Lawrence Edward Barbiere, Schroeder, Maundrell, Barbiere & Powers, Thomas Spencer Shore, Jr., Rendigs, Fry, Kiely & Dennis, Michael M. Neltner, Thomas B. Bruns, Freund, Freeze & Arnold, Cincinnati, OH, for defendants.

## ORDER

SPIEGEL, Senior District Judge.

This matter is before the Court on Plain-tiff's Motion for Leave to File a First Amended Complaint (doc. 7), Defendant Christopher Watkins' Memorandum in Oppo-sition (doc. 14), and Defendants City of Leba-non, Mark Bogen, and Robert Olson's Memo-randum in Opposition (doc. 17). Defendant Randy Johnson has not filed any objections.

On March 7, 2002, Plaintiff filed a Com-plaint alleging violation of her civil rights under 42 U.S.C. § 1983, as well as claims under Ohio state law (doc. 1). Plaintiff had entered a contract to lease residential real estate (*Id.*). Upon sale of that property to Defendant Randy Johnson, Mr. Johnson at-tempted to renegotiate Plaintiff's lease (*Id.*). As a result of her refusal to do so, Defendant Johnson brought a lawsuit in the Municipal Court for the City of Lebanon against Plain-tiff for money damages and eviction (*Id.*). Plaintiff responded by filing an Answer to the Complaint against her denying the charges and followed the procedures for ob-taining a jury trial (*Id.*).

Plaintiff appeared before Defendant Mag-istrate Olson in the aforementioned case on July 31, 2001 at which point he stayed the action and encouraged settlement (*Id.*). Af-ter Plaintiff refused Defendant Johnson's offer of settlement, Defendant Watkins, as attorney for Johnson, allegedly went to De-fendant Magistrate Olson *ex parte* and pre-sented an Agreed Order unsigned by Plain-

tiff or her attorney (*Id.*). Plaintiff alleges that Defendant Magistrate Olson signed the entry and presented it to Defendant Judge Bogen who also signed it though he had full knowledge that Plaintiff had not agreed (*Id.*).

Defendants Johnson and Watkins allegedly then used the entry to obtain a writ of execution for eviction that was subsequently enforced by the City of Lebanon (*Id.*). This action left Plaintiff homeless, as well as damaging or destroying some of her personal property (*Id.*). Plaintiff alleges that she was never afforded the opportunity to present evidence regarding her case (*Id.*). As a result, Plaintiff filed this action in the Southern District of Ohio for violation of her substantive and procedural due process rights as guaranteed by the United States Constitution, as well as for state law claims of trespass, violation of the Plaintiff's real property interests, including the covenant of quiet enjoyment, and conversion of Plaintiff's property (*Id.*).

On May 10, 2002, Plaintiff filed her motion for Leave to File a First Amended Complaint (doc. 7). The ability to file an amended Complaint is provided for by Rule 15 of the Federal Rules of Civil Procedure. Fed. R. Civ. Pro. 15. Rule 15(a) provides, in pertinent part that:

[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed.R.Civ.P. 15(a).

Defendants have filed objections to granting of leave to amend Plaintiff's Complaint (docs. 14 and 17). Despite these objections, and although Motions to Dismiss had been filed (docs. 3 and 4) prior to Plaintiff's motion to amend, Defendants had not filed responsive pleadings prior to Plaintiff's motion to amend. The case law from all circuits makes it clear that a motion to dismiss is not a responsive pleading within the meaning of Rule 15. *Plott v. General Motors Corporation*, No. 92–3166, 1993 WL 59316 *1, 1993 U.S.App. LEXIS 4800 *4 (6th Cir. March 5, 1993).

The only responsive pleading filed in this case, as of this date, is Defendant Randy Johnson's Answer (doc. 20), filed on June 4, 2002, after Plaintiff's Motion for Leave to Amend, filed May 10, 2002 (doc. 7). Under Rule 15, Plaintiff may amend her complaint once as a matter of course at any time before a responsive pleading is served. Plaintiff, having preceded any responsive pleading, is therefore entitled to amend her complaint as a matter of course. Fed. Rule Civ. Pro. 15(a).

As an ancillary matter to the present motion, the Court notes that the facts as alleged by Plaintiff, if true, demonstrate unconscionable conduct by all Defendants. One is reminded of the English common-law maxim, "A man's home is his castle," a principle that, as the United States Supreme Court has noted, has been recognized by the law as far back as *Semayne's Case* of 1604. *Minnesota v. Carter*, 525 U.S. 83, 94, 119 S.Ct. 469, 142 L.Ed.2d 373,(1998). Further, the Court is perplexed as to why on these facts Plaintiff has not commenced proceedings before the Ohio Supreme Court's Board of Commissioners on Grievances and Discipline to seek sanctions against Defendant Watkins, a member of the Ohio Bar.

In accordance with Rule 15(a) of the Federal Rules of Civil Procedure, the Court hereby GRANTS Plaintiff's Motion for Leave to File an Amended Complaint (doc. 7). In the interest of judicial economy, the Court asks all Defendants to amend their Motions to Dismiss (docs. 3 and 4), so that they address the Amended Complaint. Accordingly, Defendants are GRANTED 15 days to amend their Motions to Dismiss, after which time Plaintiff shall respond in accordance with Local Rule 7.2(a)(2).

SO ORDERED.