# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60238
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 11, 2014

Lyle W. Cayce
Clerk

THERESA DEGRUY,
Administratrix of the Estate of Martha James, Deceased,

Plaintiff−Appellant,

versus

DR. TARENCE E. WADE; DR. DENNIS WAYNE AUST,

Defendants−Appellees.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:12-CV-25

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Theresa DeGruy appeals on two grounds. First, she claims that the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60238

dismissal of her 42 U.S.C. § 1983 claim with prejudice was improper because the district court first should have considered the jurisdictional ground on which her state-law claims were eventually dismissed. Second, she challenges the denial of her motion to amend the judgment under Federal Rule of Civil Procedure 59(e). Because the district court had jurisdiction over the § 1983 action and did not abuse its discretion in denying the motion to amend, we affirm.

I.

This appeal arises from a suit relating to the death of Martha James. The facts underlying the original action are not the subject of this appeal and will therefore not be repeated.

In April 2012, Theresa DeGruy, in her role as administratrix of James's estate, sued two doctors, Tarence Wade and Dennis Aust, alleging a claim under § 1983 and state-law medical negligence. DeGruy asserted federal-question, diversity, and supplemental jurisdiction.

In July 2012, Aust moved to dismiss the § 1983 claim for failure to state a claim upon which relief could be granted. On August 27, DeGruy filed a response in opposition to the motion; Wade joined the motion on August 31, and the defendants filed a joint reply brief that same day. On March 15, 2013, the district court granted the motion to dismiss the § 1983 action.

On March 27, the defendants moved to dismiss the supplemental state-law claim. On April 26, DeGruy filed her response to that motion. Because she had also asserted diversity jurisdiction, the district court, on May 16, ordered supplemental briefing on whether it had jurisdiction under 28 U.S.C. § 1332. The defendants filed a supplemental brief on May 24 that included an affidavit from one of them averring that he was a Mississippi domiciliary. Because DeGruy was also domiciled there, the court did not have diversity jurisdiction.

No. 14-60238

On June 25, the court granted the motion to dismiss and closed the case. The court found that it lacked diversity jurisdiction, leaving it to consider whether to continue to exercise its supplemental jurisdiction over the remaining state law claim. Because the court had dismissed the § 1983 claim—the only claim over which it had original jurisdiction—it decided not to exercise supplemental jurisdiction.

On July 18, DeGruy filed motions to amend the judgment under Rule 59(e) and to amend the complaint under Federal Rule of Civil Procedure 15(a). She wanted to add parties and assert new causes of action. She did not include a draft of her proposed amended complaint. The defendants filed a response opposing the Rule 59(e) motion on August 1. DeGruy filed a reply brief on August 26, including for the first time a proposed amended complaint.[1]

On March 26, 2014, the district court denied the motion to amend the judgment, except that it granted the motion in part to clarify that the dismissal of federal claims was with prejudice and the dismissal of the state claims was without prejudice. DeGruy asserts two grounds for reversal. First, she maintains that the court erred when it dismissed the federal claim with prejudice despite deciding that it lacked subject-matter jurisdiction over the state-law claims. Second, DeGruy asserts that the court should have applied Rule 15(a)'s standard for denying amendments instead of Rule 59(e)'s less deferential standard.

II.

DeGruy contends that the district court erred in dismissing the federal

---

[1] A magistrate judge had denied the Rule 15(a) motion on July 22. Dismissal of a case terminates the ability to file a Rule 15(a) motion, *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003), so DeGruy had to rely on her Rule 59(e) motion.

No. 14-60238

claim under Federal Rule of Civil Procedure 12(b)(6) before considering the jurisdictional defect on which the state-law claim would eventually be dismissed. It is true that a court cannot rule on the merits if it lacks subject-matter jurisdiction. In this case, however, the court had jurisdiction over the federal claim under federal-question jurisdiction, *see* § 1332, and that jurisdiction was not impaired by the later lack of jurisdiction over the state claim.

The state and federal claims had different bases of jurisdiction: federal-question jurisdiction for the federal claim and diversity and supplemental jurisdiction for the state-law claims. There was no defect in jurisdiction over the federal claim, which asserted that the defendants had violated the Fourteenth Amendment. DeGruy has not demonstrated that the court at any time lacked subject-matter jurisdiction over that claim, and we cannot find one.

The state-law claim, meanwhile, satisfied neither diversity nor supplemental jurisdiction. The court found that there was not complete diversity, a determination DeGruy has not appealed. And the court exercised its discretion under 28 U.S.C. § 1367(c) to decline to exercise supplemental jurisdiction because the federal claim had been dismissed. Neither of these facts impacted federal-question jurisdiction over the § 1983 claim. The district court had proper jurisdiction over the federal claim throughout the pendency of the entire case, and it made no error in the order in which it considered the jurisdictional and substantive challenges to the two claims.

III.

DeGruy insists that the district court erred in denying her motion to amend the judgment under Rule 59(e), reasoning that it should have applied the more permissive standard of Rule 15(a). We agree that the court's discretion to deny the Rule 59(e) motion was limited to the narrower reasons for denial permissible under Rule 15(a). The court, however, analyzed the motion

under each rule and came to the same conclusion to deny, and we cannot conclude that it abused its discretion in denying the amendment.

Ordinarily, a district court has greater discretion to deny a motion under Rule 59(e) than under Rule 15(a).  Rule 59(e) motions "must clearly establish either a manifest error of law or fact or must present newly discovered evidence."  *Rosenzweig*, 332 F.3d at 864.  A motion to amend under Rule 15(a), however, "permit[s] liberal amendment to facilitate determination of claims on the merits," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (Former 5th Cir. Nov. 1981), imposing serious restrictions on the judge's discretion to deny the motion, *id*.  Absent a strong, declared reason for the denial, a reviewing court will hold the denial of a Rule 15(a) motion to be an abuse of discretion.[2]

In limited circumstances that apply here, this court has held that Rule 15(a)'s limitations on judicial discretion apply to Rule 59(e) motions. Where a district court has entered a judgment on the pleadings and the plaintiff moves under Rule 59(e) to vacate the judgment and amend the complaint, the court should analyze the motion under the Rule 15(a) standard.  *Rosenzweig*, 332 F.3d at 864; *Dussouy*, 660 F.2d at 597 n.1.  Here the court was required to apply the Rule 15(a) standard in its order denying the Rule 59(e) motion.

DeGruy fails to demonstrate that the district court abused its discretion under the Rule 15(a) standard. It evaluated the motion under both Rule 15(a) and Rule 59(e) and reached the same conclusion each way, providing this court with an adequate explanation of its exercise of discretion. Under the framework set out by the Supreme Court and this court, the district court did

---

[2] *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("[O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion."); *Dussouy*, 660 F.2d at 598 ("[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.").

not abuse its discretion.

The court based its rejection under Rule 15(a) on DeGruy's unjustifiable delay, a decision based on adequate evidence and matching established case-law. In *Foman*, 371 U.S. at 182, the Court identified "undue delay" and "dilatory motive" as grounds on which a district court can justifiably deny leave to amend under Rule 15(a). And this court has further clarified what can constitute undue delay and dilatory motive. In *Whitaker v. City of Houston*, 963 F.3d 831, 837 (5th Cir. 1992), we held that it was not an abuse of discretion to deny leave to amend under Rule 15(a) where the plaintiff had not amended his complaint during the eleven months a motion to dismiss was pending and had waited an additional two months to provide a proposed amended complaint.

The procedural history of the instant case provides an even starker example of delay. DeGruy did not seek to amend in the seven months the initial motion to dismiss the federal claim was pending or in the three months between the dismissal of the federal claim and the dismissal of the case. And she did not provide a proposed amended complaint until her August reply brief, two months after the court had entered its June judgment and a full year after DeGruy was put on notice that her complaint was potentially inadequate. The district court justifiably concluded that this plaintiff had not diligently prosecuted her case.

Once the court had decided that the delay was from lack of diligence, the burden shifted to DeGruy to show that it "'was due to oversight, inadvertence, or excusable neglect.'"[3] DeGruy gave the district court no explanation that was grounded in oversight, inadvertence, or excusable neglect and has likewise provided no such explanation here. We cannot conclude that the court abused

---

[3] *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. Jan. 1981) (quoting *Frank Adam Elec. Co. v. Westinghouse Elec. & Mfg. Co.*, 146 F.2d 165, 167 (8th Cir. 1945)).

its discretion in denying the motion to amend.

DeGruy cites a number of cases for the proposition that this court has a "best case doctrine" that "require[s] notice prior to a sua sponte dismissal for failure to state a claim, unless the plaintiff has already been given a prior chance to *allege* his 'best case' or the dismissal is without prejudice." Reliance on those cases is unavailing, however, because the dismissal of the federal claim was not *sua sponte*, and DeGruy had ample opportunity to seek amendment before final dismissal. In sum, the district court did not abuse its discretion in finding that DeGruy's lack of diligence caused serious delay and that she had not provided an adequate explanation for the delay that would require the court to permit amendment.

Because there is no defect in jurisdiction and no abuse of discretion, the judgment is AFFIRMED.