# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2024

Lyle W. Cayce
Clerk

No. 23-30583

———————

Shelia Franklin,

*Plaintiff—Appellant*,

*versus*

State Farm Insurance Company,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:22-CV-4915

———————————————————

Before Smith, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

This case arises out of an insurance coverage dispute for losses sustained to Shelia Franklin's property in Lake Charles, Louisiana. But the district court never reached the merits of the insurance case because Franklin never served the proper—or, more accurately, any—defendant. Her claims were dismissed without prejudice, which she apparently does not contest. She does, however, appeal the denial of her motion to amend her complaint,

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30583

filed after her suit was dismissed. For the following reasons, we AFFIRM the judgment of the district court.

## I. Factual and Procedural Background

On August 26, 2022, Franklin sued XYZ Insurance Company in the Western District of Louisiana for breach of contract and bad faith arising out of the denial of insurance coverage following Hurricane Laura. In her original complaint, Franklin named "XYZ Insurance Company" as "a fictitious name used to represent an actual insurance company, authorized to do and doing business in the State of Louisiana." On October 10, 2022, Franklin, via a document titled "Supplemental Complaint," substituted "State Farm Insurance Company" in place of XYZ Insurance Company as the defendant.

As the appellee[1] points out, the complaint and supplemental complaint contain numerous errors and deficiencies. For example, Franklin did not include the policy number, claim number, address of the insured property, or identity of her insurer in the original complaint. Franklin also appears to allege that State Farm Insurance Company wrote both her flood and homeowner policies, yet, according to the appellee, no State Farm company issues flood insurance. These confusing pleading deficiencies are typical of this litigation.

In the supplemental complaint, Franklin requested that the Clerk of Court serve State Farm Insurance Company through the Louisiana Secretary of State. Later that same day, Franklin filed a document listed in the record

---

[1] As explained by the appellee in its briefing, the proper defendant was never served, and therefore, counsel for State Farm Fire and Casualty Company filed a notice of limited appearance in the district court to inform the court of the procedural irregularities at play. Counsel asserts that neither he nor his client waived the lack of personal service, but rather continues to appear only to claim that the action as a whole is a nullity.

as a "Motion for Summary Judgment," which was not, in fact, a motion for summary judgment, but a document titled "Amended Complaint." On October 11, 2022, the Clerk issued a summons based on the amended complaint(s) to "State Farm Insurance Co." Two days later, Franklin filed a "Corrective Document," which was yet another amended complaint, to substitute "State Farm Fire and Casualty Insurance Company"[2] as the named defendant. The Clerk rejected this document because it was filed on the wrong sized paper; Franklin then filed the same "Corrective Document" on the correct paper. Franklin did not seek leave of court to file any of the amended complaints.

On October 27, 2022, a proof of service was filed by Tom Cassisa of Capital Process Service, LLC. Cassisa stated that he served the summons on Dawn Brown, Louisiana Secretary of State Authorized Employee, as the person designated by law to accept service on behalf of "State Farm Insurance Co." However, also on October 27, 2022, the Louisiana Secretary of State wrote to Franklin's attorney, Harry Cantrell, to inform him that it did not recognize any entity entitled "State Farm Insurance Co," and he needed to provide "the proper name or domicile address" of the entity he wanted served. According to the Secretary of State, Cantrell never responded to this letter.

The next item to appear on the case's docket was a "Notice of Intent to Dismiss" filed by the Clerk on May 3, 2023, stating that the action would be dismissed for failure to prosecute if Franklin failed to show good cause. On May 15, 2023, Franklin filed a "Motion for Extension of Time to Take A Default" along with a memorandum in support. In the motion, Cantrell

---

[2] Note that this is still the incorrect name for the proper defendant: the correct, full entity name is State Farm Fire and Casualty Company.

asserted that poor staffing and work volume issues caused problems for "his client and the court." However, he asserted that he would file a default and "follow up with the defendant in this matter to see why no answer has been filed."

At this point, counsel for appellee became aware for the first time, "through a happenstance conversation," that this lawsuit existed. On May 18, 2023, counsel for appellee wrote to Cantrell to inform him that he had sued a non-entity and suggest he file a corrective pleading if he intended to sue State Farm Fire and Casualty Company. Cantrell apparently never responded to this correspondence either.

Instead, on June 15, 2023, Franklin, through Cantrell, filed a "Motion for Entry of Default" to request the Clerk to enter default against State Farm Insurance Company. Cantrell filed an affidavit in support, stating that "Defendant was served with a copy of the summons and complaint on October 26, 2022 as reflected on the docket sheet by the proof of service filed on October 27, 2022." Cantrell failed to mention the letter from the Louisiana Secretary of State or the communication from counsel for appellee.

On June 16, 2023, the Clerk entered a notice of default. Thereafter, on June 21, 2023, counsel for appellee filed a "Notice of Special and Limited Appearance in Response to Motion for Default," in which he explained that no proper entity had ever been served. The district court, sua sponte, set a show-cause hearing to determine why Cantrell should not be sanctioned under Rule 11 for his numerous procedural errors. During the hearing on June 28, 2023, the court questioned Cantrell about the letter from the Secretary of State. Cantrell admitted he received the letter, yet still moved for default against a non-entity. As a result, the district court dismissed the suit without prejudice, explaining that the court "ha[d] to dismiss this case because this entity does not exist."

No. 23-30583

On July 5, 2023, Franklin filed a "Motion for Reconsideration, Vacate Judgment, Amendment of the Pleadings with Supporting Memorandum." In the motion, Cantrell argued, without citing any case law in support, that allowing the dismissal order to stand "would be manifest injustice to Shelia Franklin" because "[h]er claim for damages would go unresolved through no fault of her own." Cantrell proposed to correct the error in naming the proper defendant "within one week if given the opportunity by the court." In response, counsel for appellee (1) pointed out the many deficiencies in the motion, and (2) argued that there was no basis to reconsider or vacate the judgment. The district court denied the motion on August 2, 2023. Franklin timely appealed on August 17, 2023.[3]

## II. Standard of Review

We review the district court's decision in a Rule 11 proceeding for abuse of discretion. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 409 (1990); *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802 (5th Cir. 2003) (en banc) ("Rule 11 sanctions are reviewed only for an abuse of discretion."). The "abuse of discretion standard is necessarily very deferential, for two reasons." *Whitehead*, 332 F.3d at 802. First, "the district court is better situated than the court of appeals to marshal the pertinent facts and apply the fact-dependent legal standard mandated by Rule 11." *Id.* (cleaned up). "Second, the district judge is independently responsible for maintaining the

---

[3] Despite the initial timeliness of the appeal, our court's clerk's office dismissed the appeal for want of prosecution on September 13, 2023. Franklin then filed a Motion to Reopen Appeal on September 28, 2023, in which Cantrell asserted that he had tried and failed to obtain a conference with opposing counsel. Counsel for appellee responded via a letter that Cantrell never attempted to confer with him. Nonetheless, our court granted the motion to reopen the appeal on October 12, 2023.

integrity of judicial proceedings in his court and, concomitantly, must be accorded the necessary authority." *Id.* at 803.

### III. Analysis

Franklin argues that, under *Ray v. Alexandria Mall, Through St. Paul Prop. & Liab. Ins.*, 434 So. 2d 1083 (La. 1983),[4] the district court should have allowed an amendment because it would not be futile to amend her complaint to add State Farm Fire and Casualty Company as a defendant. Franklin claims that State Farm Fire and Casualty Company "has been involved in the defense of this matter" and "provided the very policy and claims handling at issue herein," and therefore, "it must have known it would have been a party to this suit absent Ms. Franklin's mistake in naming the wrong party defendant."

In response, the appellee argues that the dismissal of Franklin's suit 306 days after it was filed, and long past the ninety-day service deadline contained in Rule 4(m), was proper. *See* Fed. R. Civ. P. 4(m). Because Franklin never served *any* entity, let alone the correct one, the district court was correct to dismiss her claims without prejudice. Further, considering the gross deficiencies in the motion for reconsideration and to amend the pleadings, the appellee argues that the district court did not abuse its discretion in finding that Franklin provided "no basis" to overturn its prior ruling or grant her request to amend.

---

[4] Franklin cites only Louisiana state court cases and various law review articles as support for her argument on appeal.

Franklin does not contest the dismissal of her claims without prejudice for failure to effect service.[5] Instead, her short argument on appeal focuses on the futility of an amendment to name the proper defendant. Rule 15 governs the amendment of pleadings and allows only one amendment as a matter of course. FED. R. CIV. P. 15(a)(1). Beyond that, a party must obtain the opposing party's consent or the court's leave. FED. R. CIV. P. 15(a)(2). And in assessing a party's motion to amend a pleading, "[t]he court should freely give leave when justice so requires." *Id.* In exercising its discretion, however, a court "may consider such factors as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Whitaker v. City of Houston, Tex.*, 963 F.2d 831, 836 (5th Cir. 1992) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, Franklin did not seek leave to file an amendment until after her claims were dismissed. Our court has repeatedly affirmed district courts' decisions to deny requests for leave to amend where there was undue delay, especially when the request came only after the case was dismissed. For example, in *Whitaker*, the plaintiff requested leave to amend after his claims were dismissed under Rule 12(b)(6). 963 F.2d at 832. The district court denied leave, finding that the plaintiff was on notice of the deficiencies in his pleading for eleven months, yet waited almost thirty days after the case was dismissed to act on those deficiencies. *Id.* at 836–37. Our court affirmed the denial of the motion to amend, finding no abuse of discretion where the

---

[5] The appellee thoroughly argued the rules underlying service of process and the ways in which Franklin's service was improper. However, because Franklin seems to agree with this argument, we will not belabor the point: Franklin clearly never served an existing entity in compliance with Rule 4.

district court based its decision on "lack of due diligence." *Id.* at 837; *see also Degruy v. Wade*, No. 4:12-CV-25-SA-JMV, 2014 WL 12651183, at \*5 (N.D. Miss. Mar. 26, 2014), *aff'd*, 586 F. App'x 652 (5th Cir. 2014) (denying plaintiff's motion to amend where "delay and overall lack of diligence evinced by Plaintiff" demonstrated that "granting leave to amend would be improper").

We reach the same conclusion here. Franklin only sought leave to amend after her case was dismissed, and well after her attorney Cantrell was aware of the deficiencies in the pleadings. The letter from the Louisiana Secretary of State informing Cantrell that he had attempted to serve a non-entity was sent in October of 2022, yet the motion to amend pleadings came in July of 2023. Franklin, via Cantrell, had ample opportunity to correct the errors in the pleadings, but failed to do so. While delay alone may not always be a sufficient reason to deny leave, taken together with other dilatory tactics and disregard for the court's rules, the denial of leave is justified. *See Lewis v. Fresne*, 252 F.3d 352, 360 (5th Cir. 2001) ("Undue delay justifies a district court's decision to deny leave to amend."); *Degruy*, 2014 WL 12651183 at \*5.

Further, when Franklin's motion to amend was finally filed, it was woefully deficient: it did not cite any legal authority for its position, and there was no proposed amended complaint attached to allow the district court to assess the futility of the proposed pleading. *See Carlson v. Hyundai Motor Co.*, 164 F.3d 1160, 1162 (8th Cir. 1999) ("A district court does not abuse its discretion in failing to invite an amended complaint when plaintiff has not moved to amend and submitted a proposed amended pleading."). Thus, while Franklin spends most of her briefing on appeal arguing that her amendment would not be futile under Louisiana law, and that any amendment should relate back to her original complaint, this argument was not properly before the district court. Even if Franklin had properly argued that an amendment would not be futile, that argument lacks merit—her

attorney attempted to name the correct defendant several times, yet never succeeded. Even when put on notice of the correct entity name by counsel for that entity, Cantrell did not name the correct party as defendant. And now, in arguing that amendment would not be futile on appeal, Franklin cites only a Louisiana Supreme Court case that does not apply federal law in reaching its decision. *See Ray*, 434 So. 2d 1083. Ultimately, without a legitimate explanation for the undue delay, and when provided with no real basis to grant leave to amend, the district court did not abuse its discretion in denying Franklin's motion.

Our final point of concern is whether Franklin should risk losing her day in court because of her attorney's mistakes. "Dismissal is a harsh and drastic sanction that is not appropriate in all cases, even though it lies within the district court's discretion." *In re CPDC Inc.*, 221 F.3d 693, 699 (5th Cir. 2000). However, "it has long been held, particularly in civil litigation, that the mistakes of counsel, who is the legal agent of the client, are chargeable to the client . . . no matter how 'unfair' this on occasion may seem." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288 (5th Cir. 1985); *see also In re Jones*, 490 F.2d 452, 456 (5th Cir. 1974) (noting "the hoary principle that a client is bound by his attorney's mistakes"). "Were this Court to make an exception to finality of judgment each time a hardship was visited upon the unfortunate client of a negligent or inadvertant [sic] attorney, even though the result be disproportionate to the deficiency, courts would be unable to ever adequately redraw that line again, and meaningful finality of judgment would largely disappear." *Pryor*, 769 F.2d at 288–89. Thus, while the dismissal of Franklin's claims without prejudice is a potentially drastic sanction, this result is justified given Cantrell's repeated mistakes and disregard of the court's rules.

**IV. Conclusion**

No. 23-30583

Accordingly, we AFFIRM the judgment of the district court.